IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Kolynda Korinek and Krystal Ihli,<br><br>Plaintiffs.<br><br>vs.<br><br>FlexTM, Inc., a North Dakota corporation, CDS Administrative Services, LLC., a Minnesota Limited Liability Company, John Hancock Retirement Plan Services LLC. a Massachusetts, Limited Liability Company, Middaugh & Associates, a North Dakota Corporation, The Vanguard Group, Inc., a Pennsylvania Corporation and Helena Moravec<br><br>Defendants<br>vs.<br><br>Helena Moravec,<br><br>Third-Party Defendant. | **AMENDED COMPLAINT**<br><br><br>Case No. 3:14 -CV-00074-RRE-KKK |

THE PLAINTIFFS FOR THEIR COMPLAINT STATE AS FOLLOWS:

1. The Plaintiff's Kolynda Korinek and Krystal Ihli are the surviving daughters of Loren Manock deceased.

2. Loren Manock was a long time employee who accrued various benefits through his employment, the most recent of which was employment with FlexTM, Inc.

3. Loren Manock was employed by a predecessor of FlexTM beginning August 11,

1969 and continued his employment with FlexTM or their predecessors until the time of his death on July 23, 2013.

4. Plaintiffs upon information and belief state that there were various benefits available upon the death of Loren Manock. These were represented by FlexTM or their agents to be at least the sum of One hundred Thirteen Thousand Six Hundred Thirty-seven and 20 cents ($113,637.20). (See attached Exhibit A).

5. Plaintiff's have been furnished what is labeled Exhibit D which shows that benefits listed under Contract Number 83295 were subject to administration by John Hancock Retirement Services.

6. Upon information and belief, the Plaintiffs have been informed that those holding the funds payable upon the death of Loren Manock have disbursed 100% of them to Helena Moravec and none to the Plaintiffs who are entitled to 50% of the proceeds. See Exhibit B.

7. Therefore, the Plaintiff's are entitled to receive the sum of Fifty-six Thousand Eight Hundred Eighteen Dollars and 16 cents ($56,818.16) as named beneficiaries fully entitled to receive those funds.

8. In addition the Plaintiff's believe that those involved have not proceeded in good faith to negotiate with them and one or more of the Defendants may be subject to an additional judgment against them for bad faith in failure to pay the Plaintiff's the amounts they are due.

9. The Defendants have refused to pay the Plaintiffs or to communicate or negotiate meaningfully with the Plaintiffs which is a manifestation of their bad faith and refusal to pay benefits as due.

10. The Defendant The Vanguard Group, Inc., is believed to have received the

proceeds from the retirement benefits of Loren Manock and therefore, is holding the property of the Plaintiffs without legal right.

11.     The Defendant Helena Moravic, upon information and belief is believed to have had the retirement funds of Loren Manock paid entirely to her for her benefit and at her direction. Therefore, Defendant Helena Moravic is directly or indirectly holding the property of the Plaintiffs at least to the extent of $56,818.16.

WHEREFORE, Plaintiff's pray :

a.      For judgment to be entered against the Defendants jointly and severally in the amount of Fifty-six Thousand Eight Hundred Eighteen Dollars and 16 cents ($56,818.16).

b       That the Court award to the Plaintiff's such additional sum as the Court deems just and fair for the Defendant's bad faith actions and refusing to pay benefits due to the Plaintiffs.

c.      For an award to the Plaintiff's of reasonable attorney's fees in this matter due to the bad faith actions of one or more of the Defendants.

d.      For such other and further relief as the court deems fair.

Dated this ____ day of September, 2014.

_____
Don R. Krassin
Attorney for Plaintiff
120 South 1st Street
Wahpeton, ND 58075
Telephone: 701-642-4747
North Dakota License #03276
Email  donkrassin@702com.net